No. 22,967.

CHARLES C. WILKINS, *Appellee,* v. THE CITY OF MINERAL, *Appellant.*

### SYLLABUS BY THE COURT.

MOB VIOLENCE—*Assault and Battery in Public Street—Encouragement Given by Bystanders.* The evidence is held sufficient to support a finding that by reason of the encouragement given by bystanders to the perpetrator of an assault and battery in a public street they became participants in the offense and rendered the city liable under the statute requiring it to answer for damages accruing in consequence of the action of a mob within the corporate limits.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 7, 1921. Affirmed.

*Al. F. Williams,* of Columbus, and *Don H. Elleman,* city attorney, for the appellant.

*C. E. Pile, L. E. Goodrich,* both of Parsons, and *C. A. Mc-Neill,* of Columbus, for the appellee.

The opinion of the court was delivered by

MASON, J.: Charles C. Wilkins was assaulted and beaten upon a public street of the city of Mineral. He brought an action under the statute making cities liable for damages caused by the action of mobs. (Gen. Stat. 1915, § 3822.) He recovered a judgment for $1,500, and the city appeals.

The assault and battery is admitted, and the only ground upon which a reversal is asked is that there was no evidence to support a finding that it was due to the action of a mob, because it was the act of a single person, or at all events that it was not participated in by as many as three people, the minimum number which may constitute a mob. (Gen. Stat. 1915, § 3674.) There was testimony tending to show these facts, which must be deemed to have been established, the circumstance that upon some points there was evidence to the contrary being of course immaterial for present purposes:

The plaintiff was a clergyman acting as pastor of a church at Mineral and also of one at the neighboring town of Scammon, where he resided. He had been active in efforts for the

enforcement of the prohibitory law and in this way had incurred the ill will of one Dick Burt, who had been engaged in the business of selling liquor, for which he was twice convicted. On the day of the assault the plaintiff rode in the car of a suburban railway from Scammon to Mineral. Burt and an associate accompanied him on the car for the admitted purpose of assaulting and beating him, which was announced to the bystanders at a place in Mineral where they went to get a drink. On his arrival at Mineral the plaintiff, fearing an assault, borrowed a pistol which he carried in plain sight. On the street Burt approached the plaintiff and attempted to seize him. The plaintiff drew the pistol and Burt stopped. The plaintiff began to move slowly backwards across the street. When he was some fifteen feet from the curb a bystander (a member of the city council) asked him what right he had to carry concealed weapons. Burt followed the plaintiff at a distance of twelve to fifteen feet. The plaintiff turned and walked as fast as he could about ninety or a hundred feet, Burt following him and fourteen or fifteen men following Burt at a distance of fifteen or twenty feet. Burt overtook the plaintiff, jumped upon his back, threw him to the ground and brutally assaulted and beat him, inflicting serious injuries. The spectators now numbered twenty-five or thirty men; some of them began to yell "Kill him, kill him, knock his head off," and pushed forward and crowded around; they were laughing and talking. The plaintiff called for help but no assistance was offered him for a considerable time—until Burt had accomplished his purpose. Burt's associate, who had come from Scammon with him as he expressed it to give the preacher a thumping, appears to have been the first person to interfere, doing so by telling Burt to get off of the plaintiff, that he had given him enough.

From this statement it is entirely obvious that there was ample evidence to support a finding that a considerable number of the onlookers were virtual participants in the assault, that they knew it was to take place, encouraged the assailant, and presumably by their attitude restrained the interference of any who might have had a disposition to come to the assistance of the plaintiff.

The judgment is affirmed.